UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| GEORGE ISAAC HERNANDEZ, JR., | ) | |
| | ) | |
| *Plaintiff*, | ) | |
| | ) | |
| v. | ) | No.: 3:13-cv-145-TAV-CCS |
| | ) | |
| TONY HOWERTON, et al., | ) | |
| | ) | |
| *Defendants*. | ) | |

## MEMORANDUM AND ORDER

This is a *pro* se prisoner's civil rights action which is scheduled for a jury trial on October 7, 2014. The defendants have filed a motion to continue the trial date, and to reset deadlines. For good cause shown, the motion to continue [Doc. 56] is **GRANTED**. The trial of this matter is **CONTINUED** until **April 6, 2015, at 9:00 a.m.** The deadline for completion of discovery, for filing of dispositive motions, and for filing defendant's Pretrial Narrative Statement, is **EXTENDED** until **February 9, 2015**. There are also pending various non-dispositive motions.

Plaintiff has filed a motion to appoint counsel. The appointment of counsel in a civil case is a matter within the discretion of the Court. *Childs v. Pellegrin*, 822 F.2d 1382, 1384 (6th Cir. 1987). After careful consideration of plaintiff's motion, including the type and nature of the case, its complexity, and the plaintiff's ability to prosecute his claim, this Court is of the opinion that counsel is not necessary at this time to ensure that plaintiff's claims are fairly heard. *See Knop v. Johnson*, 977 F.2d 996 (6th Cir. 1992);

*Mira v. Marshall*, 806 F.2d 636 (6th Cir. 1986). Plaintiff's motion for appointment of counsel [Doc. 59] is **DENIED**.

The defendants have filed a motion to take the deposition of the plaintiff. Defendants' motion [Doc. 52] is hereby **GRANTED**. Defendants' counsel should arrange for the taking of plaintiff's deposition at a time and place convenient with the appropriate officials of the Tennessee Department of Correction and upon notice to the plaintiff. Fed. R. Civ. P. 30(a). The defendants shall furnish a copy of the deposition to plaintiff, if it is transcribed, within 15 days thereafter at no charge to plaintiff.

Plaintiff has filed a motion for an extension of time to file his Pretrial Narrative Statement and thereafter filed his Pretrial Narrative Statement. The motion for extension of time [Doc. 49] is **GRANTED NUNC PRO TUNC** as of August 8, 2014.

Plaintiff has filed a motion asking the Court to schedule a telephone conference to discuss arrangements for him to take the defendants' oral depositions. The motion [Doc. 47] is **DENIED**. Plaintiff may take the defendants' depositions upon written questions pursuant to Rule 31 of the Federal Rules of Civil Procedure, or he may seek discovery from the defendants through the use of interrogatories pursuant to Rule 33 of the Federal Rules of Civil Procedure.

Plaintiff has also filed a motion for a temporary restraining order and asks the Court to take certain action against the staff at the Lois M. DeBerry Special Needs Facility, the facility where he is currently confined. The defendants in this action are employed at the Morgan County Correctional Complex, the facility where plaintiff was

confined at the time he filed this action, and are not the proper defendants with respect to the motion for temporary restraining order. Accordingly, the motion [Doc. 43] is **DENIED**.

**E N T E R :**

s/ Thomas A. Varlan
CHIEF UNITED STATES DISTRICT JUDGE